# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON JEROD SMITH,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:13cv00060 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **OFFICER OWENS, et al.,** | ) | By: Pamela Meade Sargent |
| Defendants | ) | United States Magistrate Judge |

The pro se plaintiff, Brandon Jerod Smith, is a Virginia Department of Corrections, ("VDOC"), inmate formerly housed at Wallens Ridge State Prison, ("Wallens Ridge"). This case is before the court on the plaintiff's Motion For Emergency Preliminary Injunction, (Docket Item No. 1), ("the Motion"). The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). An evidentiary hearing on the Motion was conducted on March 13, 2013. The undersigned now submits the following report and recommended disposition.

## *I. Facts*

Smith brings this civil rights action against Officer Owens, Officer Dixon and Lieutenant Carico, Virginia Department of Corrections, ("VDOC"), officers who work at Wallens Ridge. Smith claims that these officers physically and sexually assaulted him on November 8, 2012, in retaliation for his complaint about their use of chewing tobacco. The Motion claims that Officers Owens and Dixon have threatened Smith with further bodily harm if he does not withdraw his complaints.

At the hearing, Smith testified that he saw Officer Dixon spit on his lunch tray on January 26, 2013.  He also stated that, on January 27, 2013, Officer Owens took all of the food off of his breakfast tray, with the exception of the oatmeal, which he spat tobacco juice in, before giving it to Smith. Smith stated that Owens threatened that he would kill Smith and then kill himself.  Smith also testified that he complained that Officer Dixon spit tobacco juice on his food tray on February 19, 2013.  Smith stated that Officer Dixon again retaliated against him on February 22, 2013, by punching him twice in the face.  Smith said that he was afraid to leave his segregation cell for fear of being assaulted by these officers. Smith admitted that Lt. Carico had not threatened him or further assaulted him since November 8.

Office Michael G. McBride also testified at the hearing. McBride stated that he worked as an investigator at Wallens Ridge.  McBride said that a Qualified Mental Health Professional told him that Smith had made a verbal complaint that he was physically and sexually assaulted on November 8, 2012.  McBride said that Smith was taken to the medical department to determine if he had been assaulted on November 9, 2012, but Smith refused any medical examination or treatment. McBride said that there were no visible signs of injury on Smith, except for a small bump above his left eye.

McBride said that he subsequently spoke with Owens, Dixon and Carico, and each denied Smith's allegations.  The officers told McBride that they were escorting Smith through the D Building vestibule on November 8 when he attempted to pull away from them. They took Smith down to the ground until he calmed down.  They each stated that Smith remained fully clothed during the incident.

Rebecca Young, the Operations Manager at Wallens Ridge, also testified. Young stated that once she became aware of Smith's complaint in this court, she ordered Owens, Dixon and Carico not to have any contact with Smith. She stated that Dixon now works at Red Onion State Prison. Young also stated that she had ordered that video recordings be made any time Smith was removed from his cell. She stated that Smith is scheduled to be transferred to another facility as soon as possible and that the VDOC would restrict the officers' contact with Smith until he was transferred.

On March 21, 2013, the court received notice that Smith has been transferred to Sussex I State Prison. (Docket Item No. 19.)

*II. Analysis*

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the action; and

(4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 812).

The Eighth Amendment of the United States Constitution prohibits the infliction of cruel and unusual punishment on convicted prisoners. *See* U.S. CONST. amend. VIII. The unnecessary and wanton infliction of pain by a prison official through the use of excessive force upon an inmate has been clearly established as a violation of the Eighth Amendment's prohibition on cruel and unusual punishment for a number of years. *See Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Not every malevolent touch by a prison guard, however, amounts to a deprivation of constitutional rights. *See Hudson*, 503 U.S. at 9 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

To meet the objective component in an excessive force case, an inmate must show that the force used was "nontrivial," *Wilkins v. Gaddy,* 130 S. Ct. 1175, 1179 (2010), given that "contemporary standards of decency always are violated … whether or not significant injury is evident." *Hudson,* 503 U.S. at 9. "This is not to say that the 'absence of serious injury' is irrelevant to the Eighth Amendment inquiry." *Wilkins,* 130 S. Ct. at 1178. In fact, the extent of the injury may suggest that "'the use of force could plausibly have been thought necessary' in a particular situation" or "provide some indication of the amount of force applied." *Wilkins,* 130 S. Ct. at 1178 (quoting *Hudson,* 503 U.S. at 7.) For example, "[a]n inmate who complains of a [mere] 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." *Wilkins,* 130 S. Ct. at 1178 (quoting *Johnson*, 481 F.2d at 1033.) As *Wilkins* clarified, it is the nature of the force "that ultimately counts" and provides the "core judicial inquiry" in an

excessive force case. 130 S. Ct. at 1178, 1179. In particular, courts must consider "whether [the force] was nontrivial and 'was applied … maliciously and sadistically to cause harm.'" *Wilkins,* 130 S. Ct. at 1179 (quoting *Hudson*, 503 U.S. at 7.)[1]

To meet the subjective component in an excessive force case, the inmate must show that the prison official applied force "maliciously and sadistically for the very purpose of causing harm." *Whitley,* 475 U.S. at 320-21. The inquiry under the subjective standard is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. The Supreme Court in *Whitley* set out several factors which should be considered in determining whether prison officials acted maliciously and sadistically. In particular, the court should consider:

1) the need for application of force;
2) the relationship between that need and the amount of force used;
3) the threat "reasonably perceived by the responsible officials;" and
4) "any efforts made to temper the severity of a forceful response."

*Whitley*, 475 U.S. at 321.

Based on the information currently before the court, I find that Smith has failed to establish that the entry of a preliminary injunction is appropriate. I find that Smith has failed to demonstrate a likelihood of irreparable harm if injunctive

---

[1] *Wilkins* abrogated the Fourth Circuit's decision in *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc), which held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*." The *Wilkins* Court held that "[t]he Fourth Circuit's strained reading of [*Hudson v. McMillian* was] not defensible" and that *Hudson* "did not, as the Fourth Circuit would have it, merely serve to lower the injury threshold for excessive force claims from 'significant' to 'non-de minimis' – whatever those ill-defined terms might mean." 130 S. Ct. at 1179.

relief is not granted. From Young's testimony, the VDOC has taken measures to ensure that the defendants do not pose any danger to Smith in that they are not to have any contact with Smith pending the resolution of his claim. I also find that Smith has failed to establish a likelihood of success on the merits. At this point, the evidence before the court simply shows that there is a dispute in fact as to whether any assault occurred on November 8, 2012. Regardless, the evidence shows that Smith showed little visible signs of injury and refused medical treatment the next day. Finally, Smith has been transferred from Wallens Ridge to another facility.

## PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Smith has failed to demonstrate a likelihood of irreparable harm if injunctive relief is not granted;
2. Smith has failed to demonstrate a likelihood of success on the merits; and
3. Smith has failed to demonstrate that the entry of a preliminary injunction is appropriate.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion, (Docket Item No. 1).

## **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 22nd day of March, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE