# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRANDON JEROD SMITH,** | ) | |
| Plaintiff | ) | Civil Action No.: 7:13cv00060 |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **OFFICER OWENS, et al.,** | ) | By: Pamela Meade Sargent |
| Defendants | ) | United States Magistrate Judge |

The pro se plaintiff, Brandon Jerod Smith, is a Virginia Department of Corrections, ("VDOC"), inmate currently housed at Wallens Ridge State Prison, ("Wallens Ridge"). This case is before the court on the plaintiff's Motion For the Judge to ask the Director Harold W. Clarke of the Department of Correction to protect [him], (Docket Item No. 47), ("the Motion"). The Motion is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The undersigned now submits the following report and recommended disposition.

Smith brings this civil rights action against Officer Owens, Officer Dixon and Lieutenant Carico, VDOC officers who work or did work at Wallens Ridge. Smith claims that these officers physically and sexually assaulted him on November 8, 2012, in retaliation for his complaint about their use of chewing tobacco. Smith's claims were heard before the undersigned on September 19, 2013. The record remains open through October 18, 2013, on Smith's request for the filing of additional evidence.

The Motion claims that the defendants' "friends and co-workers" are threatening Smith in retaliation for filing this action against the defendants. The Motion further claims that unspecified persons are poisoning Smith's food with anti-freeze. The Motion appears to request injunctive relief of Clarke and/or other unnamed persons, all of whom are not parties to this action. The Motion is not sworn. Nor is there any affidavit or other evidence attached to the Motion.

"The law is well settled that federal injunctive relief is an extreme remedy." *Simmons v. Poe*, 47 F.3d 1370, 1382 (4th Cir. 1995). Furthermore, a preliminary injunction is considered "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied 'only in [the] limited circumstances' which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3rd Cir. 1989)). The party seeking entry bears the burden to establish that these factors support granting a preliminary injunction: (1) the likelihood of irreparable harm to the movant if preliminary injunctive relief is denied; (2) the likelihood of harm to the opposing party if the requested relief is granted; (3) the movant's likelihood of succeeding on the merits of the action; and (4) the public interest. *See Equity in Athletics, Inc. v. Dep't of Educ.,* 504 F. Supp. 2d 88, 99 (W.D.Va. 2007) (citing *Direx Israel, Ltd.*, 952 F.2d at 812).

Based on the information currently before the court, I find that Smith has failed to establish that the entry of a preliminary injunction is appropriate. The court has no jurisdiction to issue injunctive relief against parties not properly before the court. The Fourth Circuit has clearly held that injunctive relief, even preliminary injunctive relief like that sought here, cannot be enforced against an

individual over whom the district court has not obtained personal jurisdiction through valid service of process. In *R.M.S. Titanic, Inc. v. Haver,* 171 F.3d 943, 957 (4th Cir. 1999), the court held that injunctive relief can be granted only in an in personam action commenced by one party against another in accordance with established process. Thus, a party cannot obtain injunctive relief against another without first obtaining in personam jurisdiction over that person or someone in legal privity with that person. *See R.M.S. Titanic, Inc.,* 171 F.3d at 957. Similarly, in *Gilchrist v. Gen. Elec. Capital Corp.,* 262 F.3d 295, 301 (4th Cir. 2001) (quoting FED. R. CIV. P. 65(d)), the court held that unless the district court had personal jurisdiction over creditors in the underlying debt collection action and they were served with process, the district court could be without power to enforce an injunction against them unless they could be shown to have been "in active concert or participation with" parties over whom the court had jurisdiction.

For these reasons, I find that the injunctive relief sought by Smith is not appropriate because the court has not obtained personal jurisdiction through valid service of process over any of the individuals against whom he seeks injunctive relief.

**PROPOSED FINDINGS OF FACTS AND
CONCLUSIONS OF LAW**

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. Smith has failed to establish that the entry of a preliminary injunction is appropriate; and
2. The court should deny the Motion.

## RECOMMENDED DISPOSITION

Based on the above-stated reasons, I recommend that the court deny the Motion.

## Notice to Parties

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objection to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable Samuel G. Wilson, United States District Judge.

The Clerk is directed to send copies of this Report and Recommendation to all counsel of record and unrepresented parties.

DATED: This 2nd day of October, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE